UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTURE GATE HOLDINGS, INC., a North Carolina corporation,<br><br>                                   Plaintiff,<br><br>v.<br><br>NADIA GRUZD, an individual,<br><br>                                   Defendant. | Case No.:  3:24-CV-00886-L-BJC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 24] |

Pending before the Court is Defendant Nadia Gruzd's ("Gruzd" or "Defendant") motion for dismiss the amended complaint.[1] (ECF No. 24.)  Plaintiff Pasture Gate Holdings, Inc. ("Plaintiff") filed a response and Defendant a reply.  (ECF Nos. 25, 26.)  Defendant also filed a request for judicial notice.  (ECF No. 24-2.)  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  The Court decides the matter on the papers submitted without oral argument. *See* Civ. LR 7.1(d.1). For the reasons set forth below, Defendant's motion to dismiss is denied.

---

[1]    Both parties list AllMed Search, LLC as a defendant on the caption. The motion to dismiss (ECF No. 24) was filed on behalf of this party as well as Gruzd.  However, Plaintiff's operative complaint (ECF No. 18) lists Nadia Gruzd as the sole Defendant, and all causes of action are alleged against her only.

1

## I. BACKGROUND[2]

According to the operative complaint (ECF No. 8, "Compl."), Plaintiff purchased a franchise business from Gruzd. Gruzd is the public face and personality of the "AllMed Search" brand, which provides healthcare recruiting services by placing healthcare professionals from its database of candidates with employers in the healthcare industry. In or about August 2020, Plaintiff heard of the AllMed Search franchise system and became interested in the possibility of purchasing a franchise to open and operate in Atlanta, Georgia.

After expressing interest, Plaintiff received marketing materials touting Gruzd and AllMed Search's success in the industry. In or around September 2020, Plaintiff received from Gruzd a copy of franchisor Medical Search Consultants LLC's ("MSC") then-current 2020 Franchise Disclosure Document (the "MSC-FDD"). Plaintiff alleges the MSC-FDD contains incomplete and misleading information about MSC, AllMed Search, and Gruzd. Plaintiff alleges that as part of the franchise sale process, Gruzd made "unlawful financial performance representations and material misrepresentations regarding the 'AllMed Search' franchise system." (ECF No. 28 at 5.) Plaintiff alleges that not all Gruzd's representations were included in the MSC-FDD, as required by regulations issued by the Federal Trade Commission ("FTC"). The FTC regulations include comprehensive requirements for the franchise disclosure document ("FDD"). 16 CFR Parts 436 and 437 (the "FTC Franchise Rule"). Plaintiff alleges that Gruzd's misrepresentations induced them to buy into the AllMed Search franchise.

Plaintiff contends that "Gruzd concealed the fact that the medical recruiting franchises she has sold in the past were unsustainable and ended in financial failures" and that she "openly competes with her own franchisees." (Compl. at 3.) Specifically,

---

[2] All background information, unless otherwise noted, is taken from the operative complaint. (ECF No. 18.)

Plaintiff contends that Gruzd failed to disclose a previous entity, named Unlimited Med Search Franchise System, Inc. ("UMFS"), through which she sold AllMed Search franchises. Gruzd was the President and Chief Executive Officer of UMFS, which subsequently went bankrupt. Each of the thirty franchises were unprofitable and went out of business. Instead of disclosing that she had previously ran UMFS, Gruzd falsely disclosed that she ran Interdesign Enterprises, Inc. since 2000. Interdesign Enterprises, Inc. was an interior design company solely operated by Gruzd's ex-husband, Gary Gruzd. Plaintiff alleges that Gruzd disclosed the interior design company to conceal her history with UMFS and to show a positive history running businesses. Plaintiff also alleges that Gruzd did not disclose prior litigation relating to UMFS and that her disclosure of her personal and professional bankruptcy history was incomplete and misleading.

Finally, Plaintiff alleges that while they ran an AllMed Search franchise, Gruzd accessed Plaintiff's computer systems without Plaintiff's knowledge or permission and manipulated its computer data, which prevented Plaintiff from operating their business.

Plaintiff claims that Gruzd violated the California Franchise Investment Law ("CFIL"), Cal. Corp. Code, § 31000 *et seq.*, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.

## II.    **JUDICIAL NOTICE**

Gruzd requests judicial notice of two documents in support of her motion. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)."[3] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).[4]  When "matters outside the

---

[3]    All future references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[4]    Unless stated otherwise, internal ellipses, brackets, citations, and quotation marks are omitted from citations.

pleading are presented to and not excluded by the court," a Rule 12(b)(6) motion converts into a motion for summary judgment. Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources who accuracy cannot reasonably be questioned." A court may take judicial notice of undisputed matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), including documents on file in federal or state courts, *see Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

Gruzd seeks to judicially notice two documents filed in a different district court case between MSC and Plaintiff: the franchise agreement between MSC and Plaintiff, and the final award in the arbitration between MSC and Plaintiff. (ECF No. 24-2.) Gruzd argues for judicial notice because "[c]ourts regularly take judicial notice of 'undisputed matters of public record, including documents on file in federal or state courts.'" (*Id.* at 2 (*citing Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).) While a court may take judicial notice of documents filed in another court, "it may do so not for the truth of the facts recited therein," but simply for the fact that the documents exist and were filed, which "is not subject to reasonable dispute." *Briseno v. Bonta*, 621 F.Supp.3d 1065, 1069 n.3 (C.D. Cal. 2022) (quoting *S.B. by & through Kristina B. v. Cal. Dep't of Educ.*, 327 F.Supp.3d 1218, 1229 n.1 (E.D. Cal. 2018)).

Gruzd seeks to introduce the documents not merely to show that the franchise agreement and the arbitration agreement exist and were filed in the other district court

//

action, but for the truth of the matter asserted in those documents.  Accordingly, to the extent Gruzd seeks to judicially notice disputed facts, her request is DENIED.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Therefore, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"); *see also* Fed. R. Civ. P. 12(b)(6).  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### IV. DISCUSSION

Gruzd moves to dismiss all claims. Each claim is taken in turn.

    **a. CFIL Claims**

Plaintiff brings claims under the CFIL for four alleged statutory violations.  The CFIL was enacted to "provide each prospective franchisee with the information necessary

//

to make an intelligent decision regarding franchises being offered." Cal. Corp. Code § 31001.  The law provides that:

> It is unlawful for any person to offer or sell a franchise in this state by means of any written or oral communication not enumerated in Section 31200 which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

*Id*. § 31201.  Further, the law provides:

> It is unlawful for any person willfully to make any untrue statement of a material fact in any statement required to be disclosed in writing pursuant to Section 31101, or willfully to omit to state in any such statement any material fact which is required to be stated therein.

*Id*. at § 31202.  The law provides a private cause of action to enforce these provisions.  *Id*. at § 31300.  Furthermore, the FTC Franchise Rule requires that 23 categories of information be disclosed in the FDD.  *See* 16 CFR § 436.5.

Plaintiff's CFIL claims stem from disclosures made in the MSC-FDD and related statements made by Gruzd.  Plaintiff claims that by making inaccurate disclosures of information required by federal law, Defendant violated the CFIL's requirement of truthful and non-misleading disclosure in connection with franchise sales.

### i.  Item 1 Disclosure

Under the FTC Franchise Rule, the franchisor is required to disclose "[t]he name and principal business address of any predecessors during the 10-year period immediately before the close of the franchisor's most recent fiscal year."  16 CFR § 436.5(a)(2).  Plaintiff alleges that in Item 1 of the MSC-FDD, Gruzd failed to disclose the existence of UMFS -- a previous entity that Gruzd used to sell AllMed Search franchises, and that UMFS is a predecessor to MSC.  (Compl. ¶ 38.)

Gruzd argues that UMFS was not a predecessor and therefore need not to be disclosed.  Specifically, Gruzd argues that Plaintiff's allegation that UMFS is a

predecessor to MSC is a legal conclusion without any factual support and therefore need not be accepted as true.

Plaintiff alleges that Gruzd ran UMFS to sell AllMed Search franchises, and then started the successor company MSC to participate in the same line of business. (*See id.* ¶¶ 24-36.) These allegations are sufficient to support a reasonable inference that UMFS is MSC's predecessor. Accordingly, Plaintiff has adequately alleged that Gruzd failed to disclose required information in Item 1.

### ii. Item 3 Disclosure

The FTC Franchise Rule further requires the franchisor to disclose whether it

> [h]as in the 10–year period immediately before the disclosure document's issuance date [¶ b]een held liable in a civil action involving an alleged violation of a franchise, antitrust, or securities law, or involving allegations of fraud, unfair or deceptive practices, or comparable allegations.

16 CFR § 436.5(c)(1)(iii)(B).

Plaintiff contends that under Item 3 of the MSC-FDD, Gruzd failed to disclose litigation "stemming from her failure as a medical recruiting franchisor under the name UMFS." (Compl. ¶ 55(b).) Gruzd counters that the contention that she was held liable is "inconsistent with the record" and that Plaintiff never alleges in the Complaint that the lawsuit was resolved by payment of money.

Plaintiff alleges that Gruzd failed to disclose a civil action against her in her personal capacity filed by Lynway Recruiting Group, LLC and its principals Timothy and Laura Egan stemming from their ownership of a franchise sold by UMFS. (Compl. ¶¶ 40-41.) Plaintiff also alleges this proceeding ultimately resulted in a non-confidential settlement agreement which was not included in the MSC-FDD. (*Id.*)

Under the FTC Franchise Rule,

> "Held liable" means that, as a result of claims or counterclaims, the person must pay money or other consideration, must reduce an indebtedness by the

7

amount of an award, cannot enforce its rights, or must take action adverse to its interests.

16 CFR §436.5(c)(1)(iii)(B). Accordingly, Plaintiffs' allegations are sufficient to plausibly allege that Gruzd was held liable. Accordingly, Plaintiff has adequately alleged that Gruzd failed to disclose necessary information in Item 3.

### iii. Item 4 Disclosure

The FTC Franchise Rule requires the franchisor to disclose bankruptcies that occurred ten years before the FDD filing. 16 CFR § 436.5(d). Gruzd contends that to the extent the MSC-FDD failed to disclose any required information under this provision, "Plaintiff would have discovered the omissions when it reviewed the FDD in 2020." (ECF No. 24 at 14.) She argues that the claim is now outside the statute of limitations.

The statute of limitations for violations of Cal. Corp. Code § 31202 is the earliest of: (i) four years after the violation; (ii) one year after the plaintiff's discovery of the facts constituting the violation; or (iii) ninety days after delivery of written notice of a violation. Cal. Corp. Code § 31303; *see also id*. § 31300. Neither party disputes that if the four-year statute of limitations applies, Plaintiff's claims are timely. However, Gruzd maintains that the one-year statute of limitations was triggered upon Plaintiff receiving the FDD in 2020 and therefore this suit is time barred.

Under Rule 12(b)(6), a court may dismiss a claim "on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

//

Plaintiff alleges that while Gruzd did disclose her personal bankruptcy as well as the bankruptcies by Unlimited Nurse Search, Inc. and UMFS, she did not "accurately disclos[e] the similarities between UMFS and MSC and … the material facts underlying the claims of fraud and wrongdoing asserted against her by former UMFS franchisees." (Compl. ¶ 42.)

It is not apparent from the face of the Complaint that Plaintiff was aware when it received the MSC-FDD that the disclosure was incomplete and inaccurate, or that anything in the MSC-FDD would put Plaintiff on inquiry notice. Accordingly, Defendant has not shown that the claim is barred by the statute of limitations.

### iv. Item 19 Disclosure

Item 19 of the MSC-FDD The FTC Franchise Rule sets forth requirements for how a franchisor can make certain financial performance representations. 16 CFR § 436.5(s). Plaintiff alleges that "Gruzd made reckless and false financial performance representations about the profitability of an AllMed Search franchised business—none of which were included in Item 19 of the MSC-FDD." (Compl. ¶ 55(d).)

Gruzd first argues that the statute of limitations expired one year after Plaintiff was provided with the MSC-FDD. As explained above, it is not apparent from the face of the Complaint that Plaintiff would have sufficient knowledge or notice of falsity upon receipt of the MSC-FDD.

Second, Gruzd argues that "both the FDD and the Franchise Agreement state that no officer or agent of MSC, including Gruzd, is authorized to make any representations about future performance nor outside of the written Franchise Agreement," and therefore "it is unreasonable for Plaintiff to rely upon Gruzd's statements at all." (ECF No. 24 at 10.) Gruzd offers no legal support for her argument that this disclaimer excuses her from liability under the CFIL. *See* Cal. Corp. Code § 31202. At most, the disclaimer goes to the issue whether Plaintiff's reliance was reasonable. However, unlike other parts of the CFIL, Section 31202 expressly does not contain a reliance element. *Cf. id.*

§ 31301 (expressly requiring reliance for a violation of a different subsection of the CFIL). Accordingly, Gruzd has failed to show that the claim is insufficiently alleged.

### b. UCL

#### i. Preemption

Gruzd argues Plaintiff's UCL claim is preempted by the CFIL. However, the CFIL states that "[n]othing in this chapter shall limit any liability which may exist by virtue of any other statute or under common law if this law were not in effect." Cal. Corp. Code § 31306. Accordingly, "any claims beyond the CFIL's coverage may be brought independently." *Samica Enters., LLC v. Mail Boxes Etc.*, 637 F. Supp. 2d 712, 721–22 (C.D. Cal. 2008).

Further, Gruzd argues that to the extent that Plaintiff's claims are predicated on violations of the FTC Franchise Rule, they fail because the FTC Franchise Rule does not allow a private right of action and cannot be used as a predicate for a UCL claim. *See Carlson v. Coca–Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).

Plaintiff's UCL claim is, at least in part, predicated on violations not preempted by the CFIL or the FTC Franchise Rule. Plaintiff's UCL claim is predicated on allegations that "Defendant Gruzd accessed Plaintiff's computer systems without the Plaintiff's knowledge or permission and manipulated its computer data," and that "[a]s a result of such manipulation, the Plaintiff was prohibited from operating its business affairs." (Compl. ¶¶ 47-48.) These claims are outside of the scope of the FTC Franchise Rule and CFIL and therefore are not preempted.

#### ii. Equitable Relief

Defendant next argues that Plaintiff has failed to plead inadequacy of remedies at law and therefore cannot state a claim for equitable relief.[5] "[E]quitable relief is not

---

[5] Gruzd also argues that this claim will be precluded when a federal court confirms Gruzd's arbitration award against Plaintiff. (ECF No. 24 at 16.) She does not argue this

appropriate where an adequate remedy exists at law." *Schroeder v. U.S.*, 569 F.3d 956, 963 (9th Cir. 2009). A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

At the pleading stage, however, under Rule 8(a)(3), a plaintiff can plead conflicting theories in the alternative and need not choose between damages and equitable relief. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762-63 (9th Cir. 2015). Here, Plaintiff can plead a UCL claim for equitable relief in the alternative to his claims for damages.[6] Accordingly, Gruzd's motion to dismiss Plaintiff's UCL claim is DENIED.

## V. CONCLUSION

Gruzd's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: May 19, 2025

_____
Hon. M. James Lorenz
United States District Judge

---

claim is precluded yet. As such, this argument is premature and is denied without prejudice.

[6] Plaintiff also asserts they are seeking damages in connection to their UCL claim. However, damages are unavailable. Actions under § 17200 are actions in equity. *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 112 (1972). Damages such as those in contract or tort cases are not available, and the remedies "are generally limited to injunctive relief and restitution." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *see also Zhang v. Superior Court*, 57 Cal. 4th 364, 371 (2013).